IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00612-BNB

ALEXIS R. ORTIZ,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director, Colorado Department of Corrections,
JAMES FALK, Warden, Sterling Correctional Facility,
BEVERLY DOWIS, Health Service Administrator, Sterling Correctional Facility,
GATBEL CHAMJOCK, Referring Provider, P.A.,
JOANN STOCK, Sterling Correctional Facility, P.A.,
DR. JOSEPH G. FORTUNATO, Sterling Correctional Facility,
LT. HOFFMAN, Sterling Correctional Facility, and
ALL MEDICAL STAFF AT STERLING CORRECTIONAL FACILITY,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Alexis R. Ortiz, is a prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the correctional facility in Sterling, Colorado. Mr. Ortiz, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. He seeks declaratory and injunctive relief and compensatory and punitive damages.

    The Court must construe the Complaint liberally because Mr. Ortiz is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ortiz will be

ordered to file an Amended Complaint and assert how all named parties violated his constitutional rights.

Mr. Ortiz has indicated personal participation by Defendants JoAnn Stock, Dr. Joseph G. Fortunato, and Lt. Hoffman in the constitutional violations set forth in the Complaint, but he fails to state any personal participation by the remaining Defendants. To establish personal participation, Mr. Ortiz must show how each individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  *See Dodds v. Richardson, et al.* ,614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

To state a claim in federal court, Mr. Ortiz must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Ortiz file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives.  It is

FURTHER ORDERED that Mr. Ortiz shall obtain the Court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Ortiz fails within the time allowed to file an Amended Complaint that complies with this Order, the Court will proceed with a review of the merits of only the claims asserted against Defendants JoAnn Stock, Dr. Joseph G. Fortunato, and Lt. Hoffman.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED March 28, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge