IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00612-PAB-MJW

ALEXIS R. ORTIZ,

Plaintiff(s),

v.

JAMES FALK, Warden, Sterling Correctional Facility,
BEVERLY DOWIS, Health Services Administrator, Sterling Correctional Facility,
JO ANN STOCK, Physicians Assistant, Sterling Correctional Facility,
JOSEPH G. FORTUNATO, Medical Doctor, Sterling Correctional Facility,
LT. HOFFMAN, Housing Lieutenant, Sterling Correctional Facility, and
MAURICE FAUVEL, DR.,
in their individual and official capacities,

Defendant(s).

## RECOMMENDATION
## THAT CLAIMS AGAINST DEFENDANT FORTUNATO BE DISMISSED FOR FAILURE TO SERVE AND FAILURE TO PROSECUTE

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was referred to this court pursuant to an Order Referring Case issued by Judge Philip A. Brimmer on July 3, 2013. (Docket No. 18).

This action was commenced in on March 8, 2013. (Docket No. 1). One of the defendants, Joseph G. Fortunato, however, has not yet been served in this matter. The U.S. Marshal Service has returned the summons as unexecuted for defendant Fortunato. (Docket Nos. 35 and 73). First, on a Process Receipt and Return filed in August 2013, the Marshal noted that "Joseph Fortunato does not live in Colorado any longer." (Docket No. 35). This court thus issued an Order to Show Cause directing the plaintiff to forthwith provide the court with the defendant's current address at which he

2

could be served. (Docket No. 44). The court set a Show Cause Hearing for December 9, 2013, at 9:00 a.m. at which plaintiff was directed to show cause why this case should not be dismissed as against defendant Fortunato pursuant to Fed. R. Civ. P. 4(m) for failure to serve and failure to prosecute. (Docket No. 44).

Thereafter, plaintiff provided a Florida address for the defendant. (Docket No. 51). However, the U.S. Marshal Service just filed a Process Receipt and Return (Docket No. 73) indicating that service could not be effected there. At the Show Cause Hearing on December 9, 2013, plaintiff could not provide a recent address for defendant Fortunato.

> Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
>
> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the claims against defendant Joseph G. Fortunato be dismissed pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1 based upon the

3

plaintiff's failure to serve and failure to prosecute.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: December 9, 2013      s/ Michael J. Watanabe
        Denver, Colorado        Michael J. Watanabe
                                        United States Magistrate Judge