IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00612-PAB-MJW

ALEXIS R. ORTIZ,

    Plaintiff,

v.

JAMES FALK, Warden, Sterling Correctional Facility,
BEVERLY DOWIS, Health Services Administrator, Sterling Correctional Facility,
JO ANN STOCK, Physicians Assistant, Sterling Correctional Facility,
LT. HOFFMAN, Housing Lieutenant, Sterling Correctional Facility, and
MAURICE FAUVEL, DR.,
in their individual and official capacities,

    Defendants.

_____

# ORDER
_____

    This matter is before the Court on the Motion to Object to Stay Discovery Granted and to Object to the Scheduling Order Submitted by Defendants [Docket No. 79] filed by plaintiff Alexis Ortiz.  On December 5, 2013, the magistrate judge granted [Docket No. 72] the Motion to Stay Discovery [Docket No. 70] filed by defendants James Falk, Lieutenant Hoffman, Jo Ann Stock, and Beverly Dowis, staying all discovery until resolution of defendants' respective Motions to Dismiss.  Docket Nos. 41 and 65.  The motion to stay was based on defendants' assertion of qualified immunity. *See* Docket No. 70 at 1-3.

    In his objection to the magistrate judge's ruling, plaintiff states:

> I object to the Court granting the defendants' motion to stay discovery.  It is very vital that the judge look at the discovery in making his judgment to continue to trial.  I have been asking the Court in a motion and a letter for the Court to order CDOC to give me and the Court a copy of my medical record

for discovery reasons. Docket No. 79 at 9-10, ¶ 18.  In essence, plaintiff requests that the Court permit discovery to proceed so that evidence in support of plaintiff's claim is available for the Court to consider in ruling on defendants' motions to dismiss.  Plaintiff does not set forth any further objections to the stay of discovery.

District courts review magistrate judges' orders regarding nondispositive motions under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently.  *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).  A district court must affirm a magistrate judge's decision unless on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In asserting the defense of qualified immunity, defendants take as true the allegations in plaintiff's complaint.  *See generally*, Docket Nos. 41 and 65.  The resolution of these motions thus will not require resolving factual disputes or consulting plaintiff's medical records.  Furthermore, the Supreme Court has recognized that qualified immunity is "meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (internal citation and alteration omitted); *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991) ("Until this threshold immunity

question is resolved, discovery should not be allowed.") (internal citation omitted).

In sum, the Court finds that the magistrate judge's ruling was neither "clearly erroneous" nor "contrary to law." 28 U.S.C. § 636(b)(1)(A).  Wherefore, it is

**ORDERED** that the Motion to Object to Stay Discovery Granted and to Object to the Scheduling Order Submitted by Defendants [Docket No. 79] filed by plaintiff Alexis Ortiz is OVERRULED to the extent plaintiff objects to the stay of discovery.

DATED February 18, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge