IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00612-PAB-MJW

ALEXIS R. ORTIZ,

    Plaintiff,

v.

JAMES FALK, Warden, Sterling Correctional Facility,
BEVERLY DOWIS, Health Services Administrator, Sterling Correctional Facility,
JOANN STOCK, Physicians Assistant, Sterling Correctional Facility,
LT. HOFFMAN, Housing Lieutenant, Sterling Correctional Facility, and
MAURICE FAUVEL, Dr.,
In their individual and official capacities,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on the Recommendation on (1) Motion to Dismiss Filed by Defendants James Falk, Lieutenant Hoffman, and JoAnn Stock (Docket No. 41); (2) Motion to Dismiss Filed by Defendant Beverly Dowis (Docket No. 65); and (3) Plaintiff's Motion to Add Defendants (Docket No. 87) [Docket No. 89] (the "Recommendation").  The magistrate judge recommends (1) denying the Motion to Dismiss Filed by Defendants James Falk, Lieutenant Hoffman, and JoAnn Stock with respect to the claims asserted by plaintiff Alexis Ortiz against Lieutenant Hoffman and granting it in all other respects; (2) granting the Motion to Dismiss Filed by Defendant Beverly Dowis with respect to plaintiff's claim for monetary damages against Ms. Dowis in her official capacity and regarding any claims that accrued prior to March 6, 2011 and granting it in all other respects; and (3) denying plaintiff Motion to Add Defendants

[Docket No. 87]. Docket No. 89 at 20. On February 5, 2014, plaintiff filed timely objections [Docket No. 90] to the Recommendation. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In light of plaintiff's pro se status, the Court reviews his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

## I. ANALYSIS

Plaintiff is an inmate at the Sterling Correctional Facility ("SCF"). Mr. Falk is the Warden of SCF. Ms. Dowis is the Health Care Administrator of SCF. Ms. Stock is a physician assistant employed by SCF. Lieutenant Hoffman is a housing lieutenant employed by SCF. The relevant facts are set forth in detail in the Recommendation and will not be recited here.

Plaintiff objects to the finding that his claims against Ms. Stock and certain events supporting his claims against Ms. Dowis are barred by the statute of limitations.[1] Docket No. 90 at 2-3, ¶ 3. He argues that the statute of limitations was equitably tolled and that "defendants' conduct constituted a 'continuing wrong' for the purpose of this said complaint." Id. (citing Tiberi v. Cigna Corp., 89 F.3d 1423, 1430 (10th Cir. 1996)). Plaintiff did not raise these objections before the magistrate judge in response to defendants' motions to dismiss. See Docket Nos. 59 and 67.

---

[1] In addition, plaintiff states that he objects "to the recommendations of the granting in all the respects of the motion to dismiss" and "to the recommendation of Qualified Immunity." Docket No. 90 at 1, ¶¶ 1-2. The magistrate judge does not recommend granting the motion to dismiss in its entirety or finding that defendants are entitled to qualified immunity. These objections are thus irrelevant.

In the Tenth Circuit, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)). The "purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (citation omitted); *see also Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (Magistrate Act's intended purpose of "reliev[ing] courts of unnecessary work" would be defeated if a district court were "required to hear matters anew on issues never presented to the magistrate."); *Garrett v. BNC Mortg., Inc.*, 929 F. Supp. 2d 1120, 1129 (D. Colo. 2013).

Plaintiff waived the arguments that the statute of limitations was equitably tolled or that defendants engaged in a continuing violation by failing to raise them before the magistrate judge. *See Abdulhaseeb*, 600 F.3d at 1310. The Court therefore declines to consider them. *See Marshall*, 75 F.3d at 1426; *Borden*, 836 F.2d at 6; 28 U.S.C. § 631 *et seq.*

## II. CONCLUSION

The parties do not raise any additional objections to the Recommendation. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the parts of the Recommendation to which no one has objected to satisfy itself that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that these parts of the Recommendation correctly apply the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation on (1) Motion to Dismiss Filed by Defendants James Falk, Lieutenant Hoffman, and JoAnn Stock (Docket No. 41); (2) Motion to Dismiss Filed by Defendant Beverly Dowis (Docket No. 65); and (3) Plaintiff's Motion to Add Defendants (Docket No. 87) [Docket No. 89] is ADOPTED. It is further

**ORDERED** that the Motion to Dismiss [Docket No. 41] filed by defendants James Falk, Lieutenant Hoffman, and JoAnn Stock is GRANTED in part.  It is granted with respect to plaintiff's claims against Mr. Falk and Ms. Stock and with respect to plaintiff's claim for monetary damages against Lieutenant Hoffman in his official capacity.  It is denied with respect to plaintiff's remaining claims against Lieutenant Hoffman.  It is further

**ORDERED** that the Motion to Dismiss [Docket No. 65] filed by defendant Beverly Dowis is GRANTED in part.  It is granted with respect to plaintiff's claim for monetary

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

damages against Ms. Dowis in her official capacity and to the extent plaintiff's claims are predicated on events that occurred before March 8, 2011. It is denied in all other respects. It is further

**ORDERED** that the Motion to Add Defendants [Docket No. 87] filed by plaintiff Alexis Ortiz is DENIED.

DATED March 13, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge