IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00612-PAB-MJW

ALEXIS R. ORTIZ,

Plaintiff(s),

v.

BEVERLY DOWIS, Health Services Administrator, Sterling Correctional Facility,
JO ANN STOCK, Physicians Assistant, Sterling Correctional Facility,
LT. HOFFMAN, Housing Lieutenant, Sterling Correctional Facility, and
MAURICE FAUVEL, DR.,
in their individual and official capacities,

Defendant(s).

## RECOMMENDATION ON
## DEFENDANT FAUVEL'S MOTION TO DISMISS (Docket No. 91)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was referred to this court pursuant to an Order Referring Case issued by Judge Philip A. Brimmer on July 3, 2013. (Docket No. 18).

**PLAINTIFF'S ALLEGATIONS**

The operative pleading is the Amended Prisoner Complaint (Docket No. 11), brought pursuant to 42 U.S.C. § 1983, by the pro se incarcerated plaintiff, Alexis R. Oritz. Plaintiff raised six claims for relief based on alleged deliberate indifference to his serious medical needs--one claim against each of the six named defendants. All claims against defendant Fortunato, however, in both his official and individual capacities, which are contained in Claim Two, have been dismissed pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1. (Docket No. 83). In addition, pursuant to an Order

2

recently issued by Judge Brimmer (Docket No. 95) on a previous report and recommendation (Docket No. 89), the claims against two more defendants, Stalk (Claim One) and Falk (Claim Four), were dismissed, as were the claims for monetary damages against defendants Lieutenant Hoffman and Beverly Dowis in their official capacities and the claims against Ms. Dowis (Claim Six) that are predicated on events that occurred before March 8, 2011.

In his Amended Prisoner Complaint (Docket No. 11), plaintiff's allegations include the following.  On October 20, 2010, he slipped and fell in the kitchen at Sterling Correctional Facility ("SCF"), injuring his back, namely, suffering three herniated discs. He eventually had an MRI in August 2012 and had surgery (a laminectomy) on January 3, 2013.  Plaintiff still suffers from the loss of function of his left leg and foot, severe pain in his back, leg, and foot, and mental anguish because he is in a maximum security surrounding as a "crippled handicap, And if something was to happen I now can not defend myself in this viscous environment."  (Docket No. 11 at 5).

Claim Five concerns defendant Dr. Maurice Fauvel.  Plaintiff states:

> Maurice Fauvel: Is currently denying proper Access to medical needs.  I have been putting in numerous medical kites that are going unanswered that state that I am still in extreme and suffering, my pain medication has been discontinued and I have not been called for an appointment for physical therapy which is suppose to be after care on my recovery from the surgery.

(Docket No. 11 at 5).  When listing Dr. Fauvel as a party earlier in that pleading, plaintiff states that Dr. Fauvel "is responsible to provide proper and professional medical needs to inmates."  (Docket No. 11 at 3).

Plaintiff seeks declaratory, injunctive, and monetary relief, including punitive

damages.

**DEFENDANT FAUVEL'S MOTION TO DISMISS**

Defendant Fauvel now seeks dismissal of the Amended Prisoner Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the following grounds: (1) to the extent plaintiff is suing him in his official capacity, he is immune from damages, (2) to the extent plaintiff asserts an Eighth Amendment claim against him, his claim fails to state a claim, and (3) to the extent he is being sued in his individual capacity, he is entitled to qualified immunity. (Docket No. 91). Plaintiff has filed a "Motion to Respond to Defendant Fauvel Motion to Dismiss" (Docket No. 94). The court has considered the motion (Docket No. 91), plaintiff's response (Docket No. 94), and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions of law, and recommendation that the motion to dismiss be granted.

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. See U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United*

> *States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  *See id.* at 1003.  A court's consideration of evidence outside the pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56.  *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp.2d 1091, 1094-95 (D. Colo. 2001).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

5

*these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id. at 1191.

6

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."  Id.

Official Capacity.  Defendant Fauvel correctly asserts that to the extent the plaintiff is suing him in his official capacity for damages, he is entitled to immunity pursuant to the Eleventh Amendment.  It is well established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989), and that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state."  Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994).  Therefore, to the extent that the plaintiff's claims against Fauvel is against him in his official capacity for monetary damages, and also for declaratory relief, see Garcia v. Chamjock, 2012 WL 638145, at *1 (D. Colo. Feb. 27, 2012), such relief is barred by the Eleventh Amendment, and any such claims should be dismissed with prejudice.

Eighth Amendment Claim.   Fauvel next asserts that the plaintiff's Eighth Amendment claim fails to state a claim upon which relief can be granted.  "[P]risoners

have an Eighth Amendment right to adequate medical care . . . ." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001).  "In keeping with the principle that government officials are generally afforded wide latitude when fulfilling their discretionary functions, . . . however, in cases where prisoners allege that inadequate or delayed medical care violated their Eighth Amendment rights, it has been established that '[p]rison officials violate the Eighth Amendment [only] when they are deliberately indifferent to the serious medical needs of prisoners in their custody.'"  Id.   "[T]he Constitution is only implicated in situations in which prison officials act purposefully to impose unnecessary pain on an inmate; 'inadvertent' denials of care or negligent diagnosis or treatment does not rise to the level of an 8th Amendment violation."  Ajaj v. Federal Bureau of Prisons, 2011 WL 902440, at *16 (D. Colo. Mar. 10, 2011).  To plead an Eighth Amendment claim of deliberate indifference to medical needs, "an inmate must allege: (i) that he suffered from a serious medical need–that is, one that has been diagnosed by a medical provider as requiring treatment or one which even a lay person would easily recognize as requiring medical attention; and (ii) the Defendant was subjectively aware of that need and that failing to treat it would pose an excessive risk to the inmate's health or safety, but nevertheless elected to delay or deny treatment for it."  Id.  "The subjective component requires an examination into the defendant's actual state of mind.  To satisfy this element, the inmate must plead facts that show that the defendant both 'actually knew of' and 'deliberately disregarded' the fact that the inmate was suffering from a serous medical need."  Id.

Furthermore, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  Foote v. Spiegel, 118 F.3d 1416,

8

1423 (10th Cir. 1997). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). As the Tenth Circuit has stated:

> Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates. "[T]here is no concept of strict supervisor liability under § 1983." . . . "This does not mean that a supervisor may not be liable for injuries caused by the conduct of one of his subordinates. It does mean that his liability is not vicarious, that is, without fault on his part." . . . .
>
> Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" . . . In short, the supervisor must be personally "involved in the constitutional violation," and a "sufficient causal connection" must exist between the supervisor and the constitutional violation." . . . .
>
> In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an "affirmative link" between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. . . . In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because "mere negligence" is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur. . . .

Serna v. Colorado Dept. of Corrections, 455 F.3d 1146, 1151-52 (10th Cir. 2006) (citations omitted).

In this case, Fauvel asserts that plaintiff's allegations against him do not provide sufficient specificity that demonstrates he acted with the requisite state of mind to rise to

the level of deliberate indifference. For example, he notes that plaintiff fails to allege that he received plaintiff's kites requesting medical attention or otherwise knew of plaintiff's requests. Thus, even considering all inferences in the light most favorable to plaintiff, plaintiff's allegations allegedly fail to demonstrate that Dr. Fauvel knew of and disregarded plaintiff's request for treatment of any serious medical need.

This court agrees that plaintiff's pleading does not set forth plausible factual specification sufficient to survive Fauvel's motion to dismiss. Plaintiff merely alleges that he sent in kites, presumably to the medical department, but there is no allegation that Dr. Fauvel was even aware of those kites and disregarded them. Deliberate indifference requires the defendant to know of and disregard an excessive risk to a prisoner's health or safety. See Verdecia v. Adams, 327 F.3d 1171, 1175-76 (10th Cir. 2003). The court finds that read liberally, plaintiff's allegations concerning Fauvel do not plead "enough facts to state a claim to relief [as against Dr. Fauvel] that is plausible on its face," so as to withstand a motion to dismiss pursuant to Rule 12(b)(6). Bell Atlantic Corp., 550 U.S. at 570. Based on this finding, and in the interest of judicial economy, the court will not address defendant's qualified immunity argument.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendant Fauvel's Motion to Dismiss (Docket No. 91) be **granted**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

10

**Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  March 18, 2014                s/ Michael J. Watanabe
       Denver, Colorado              Michael J. Watanabe
                                     United States Magistrate Judge