IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00612-PAB-MJW

ALEXIS R. ORTIZ,

Plaintiff(s),

v.

BEVERLY DOWIS, Health Services Administrator, Sterling Correctional Facility, and
LT. HOFFMAN, Housing Lieutenant, Sterling Correctional Facility,

In their individual and official capacities,

Defendant(s).

---

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the plaintiff's two motions found at Docket Nos. 113
and 115) are **denied** without prejudice.

In these motions (Docket Nos. 113 and 115), plaintiff asks the court to issue four
subpoenas - a subpoena duces tecum to Dr. Darrel T. Fenton (Docket No. 115), a
subpoena to witness Lieutenant Ficus at Sterling Correctional Facility to testify and
produce certain documents (Docket No. 113 at 1), and two subpoenas for expert
witnesses Eric R. Handly, M.D., and Dr. Darrel T. Fenton (Docket Nos. 113-1 and 113-
2) to testify and produce certain documents.  With regard to the latter three subpoenas,
plaintiff seeks to have the witnesses appear on July 11, 2014, at 9:00 a.m. in my
courtroom.  The court notes that no hearing is set in this matter on that date and time.

It is not clear from these motions whether plaintiff is seeking the court's
assistance in securing expert witnesses and/or whether he is seeking to depose them
and Lieutenant Ficus.  "[D]espite the fact that Plaintiff is a prisoner proceeding *pro se*
and *in formal pauperis*, there is no statutory or legal authority directing the Court to
provide assistance in securing expert witnesses."  Provencio v. Stark, 2010 WL
2754591, at *1 (D. Colo. July 12, 2010).  "As a voluntary litigant in a federal lawsuit,
Plaintiff must obtain the assistance of expert witnesses on his own behalf.  To this end,
if the experts demand payment for their services, Plaintiff must pay for the services of
such witnesses."  Id. (citing Harper v. Urbano, 2010 WL 1413107, at *1 (D. Colo. Apr. 1,
2010) (holding that inmate is not entitled to a court-appointed expert and noting that
Fed. R. Evid. 706 does not apply to experts intended to further partisan interests of any

2

party)).  "In addition, without proof that Plaintiff can pay for the witnesses' time and testimony, the Court cannot direct the issuance of subpoenas on Plaintiff's behalf."  Id. (citing Windsor v. Martindale, 175 F.R.D. 665, 672 (D. Colo. 1997) (holding that despite inmate's *pro se* and *in forma pauperis* status, no subpoenas shall issue without proof of the inmate's ability to pay a witness fee)).

        To the extent that plaintiff would like to issue subpoenas to third party individuals located in this district, he must make a showing that subpoenas are appropriate by explaining to the court not only whether he is seeking subpoenas to compel witnesses to provide testimony, documents, or both (which plaintiff has done), but also, if he seeks testimony, whether for a hearing, deposition, or both, and if for a deposition, what arrangements he has made with the third party regarding the location, dates, and times for testimony to be taken, the method of recording the testimony pursuant to Fed. R. Civ. P. 30(b), and proof that plaintiff is able to pay for the costs of such deposition.  Id. If he seeks documents, he must make a showing as to what arrangements he has made with the third party regarding the dates and times for documents to be delivered and provide proof that plaintiff is able to provide the costs associated with the third party reproducing such documents.  Id.  Furthermore, plaintiff must show how each individual to be subpoenaed has information relevant to the controversy.  Id.  "If plaintiff intends to seek documents or testimony via subpoena issued to individuals located in this district, his failure to provide the information set forth . . . above will be grounds for denial of the motion.  Further, as no evidentiary hearings are presently scheduled in the above-captioned case, any request by Plaintiff to subpoena individuals to appear for a hearing is improper at this time."  Id. at 2.

Dated: June 20, 2014