IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00612-PAB-MJW

ALEXIS R. ORTIZ,

    Plaintiff,

v.

JAMES FALK, Warden, Sterling Correctional Facility,
BEVERLY DOWIS, Health Services Administrator, Sterling Correctional Facility,
JOANN STOCK, Physicians Assistant, Sterling Correctional Facility,
LT. HOFFMAN, Housing Lieutenant, Sterling Correctional Facility, and
MAURICE FAUVEL, Dr.,
in their individual and official capacities,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Motion Objecting to Judge Philip Brimmer's Order For Motion To Dismiss Filed By Defendants [Docket No. 98] and the Motion Objecting [to] Judge Philip Brimmer's Order Accepting Magistrate Judge's Recommendation On Docket No. 96 [Docket No. 111], filed by plaintiff Alexis R. Ortiz. Defendants did not file a response to either motion. As such, the motions are ripe for disposition.

**I. BACKGROUND**

Plaintiff objects to two orders of this Court accepting the Recommendations of Untied States Magistrate Judge Michael J. Watanabe. On January 24, 2014, the magistrate judge recommended that (1) defendants Falk, Hoffman, and Stock's motion to dismiss (Docket No. 41) be granted in part, (2) defendant Dowis' motion to dismiss

(Docket No. 65) be granted in part, and (3) plaintiff's motion to add defendants (Docket No. 87) be denied. Docket No. 89 (the "first Recommendation"). Plaintiff timely objected to the magistrate judge's recommendation on the grounds that the statute of limitations was equitably tolled and that "defendants' conduct constituted a 'continuing wrong'" for the purposes of plaintiff's complaint. Docket No. 90 at 2-3, ¶ 3 (citing *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996)). On March 13, 2014, the Court adopted the first Recommendation. Docket No. 95 (the "March 13 Order"). The Court held that plaintiff had waived his equitable tolling and continuing violation arguments because he failed to raise them before the magistrate judge in response to defendants' motions to dismiss. Docket No. 95 at 2-3. On March 18, 2014, the magistrate judge recommended that the Court grant defendant Fauvel's motion to dismiss (Docket No. 91). Docket No. 96 (the "second Recommendation"). On May 27, 2014, the Court accepted the second Recommendation. Docket No. 106 (the "May 27 Order"). Having received no objection to the second Recommendation, the Court reviewed it to satisfy itself that there was "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Further relevant facts are set forth in detail in the first and second Recommendations, *see* Docket No. 89 at 2-5, Docket No. 96 at 1-2, and will not be recited here.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

**II. ANALYSIS**

In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). While styled as "objections" to two of the Court's orders, the Court construes plaintiff's filings as motions for reconsideration of those orders.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were

available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

### A.  The March 13 Order

Plaintiff argues that the March 13 Order incorrectly held that plaintiff waived his equitable tolling and continuing violation arguments by failing to raise them in response to defendants' motions to dismiss.  Docket No. 98 at 2-3.  Plaintiff directs the Court to Docket No. 84.  In that pleading, titled "Amended Motion," plaintiff wrote that he "object[ed] to the defendants [sic] affirmative assertion of statute of limitations" and argued that the statute of limitations was tolled because defendants' conduct constituted a continuing violation.  Docket No. 84 at 2, ¶ 11.  Plaintiff's "Amended Motion" was not in response to either motion to dismiss that was the subject of the March 13 Order.  The magistrate judge denied the Amended Motion because he could not discern what relief the motion sought.  Docket No. 86 at 1.

The Court finds no reason to construe plaintiff's Amended Motion as a further response to either motion to dismiss or otherwise to hold that plaintiff properly raised the equitable tolling or continuing violation arguments before the magistrate judge.  The Amended Motion was filed on January 10, 2014, more than a month after the final briefing on the motions to dismiss that were addressed in the March 13 Order.[2]  The filing did not reference either motion to dismiss, and plaintiff never sought leave to file a surreply in response to either motion to dismiss addressed in the March 13 Order.

---

[2]Plaintiff filed his response to defendants Falk, Hoffman, and Stock's motion to dismiss on October 30, 2013, Docket No. 59, and his response to defendant Dowis' motion to dismiss on November 29, 2013.  Docket No. 67.  No defendant filed a reply in support of either motion.

Moreover, any surreply would have been inappropriate, as neither defendants Falk, Hoffman, and Stock nor defendant Dowis filed a reply in support of their respective motions to dismiss.

Because plaintiff did not raise his arguments regarding tolling of the statute of limitations and the continuing violation doctrine before the magistrate judge in connection with defendants' motions to dismiss, those arguments were waived.[3]

**B.  The May 27 Order**

Plaintiff objects to the May 27 Order on the grounds that the Court incorrectly found that plaintiff had not filed a timely objection to the second Recommendation. Docket No. 111 at 1.  Plaintiff directs the Court to his objection to the March 13 Order, which was filed fewer than fourteen days after the second Recommendation.  *See id.*  The Court has reviewed that objection and finds that it does not contain any proper objection to the second Recommendation.

Plaintiff is entitled to de novo review of "any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  Plaintiff's objection to the March 13 Order contains neither legal nor factual argument concerning defendant Fauvel's motion to dismiss.  Regarding defendant Fauvel, the objection simply

---

[3]Plaintiff also objects that defendants are not entitled to qualified immunity. Docket No. 98 at 2, ¶ 2(C).  Qualified immunity, however, was not a basis for the March 13 Order.  Plaintiff's objection is therefore irrelevant.

5

reasserts plaintiff's allegations that defendant Fauvel prevented plaintiff from getting immediate surgery. Docket No. 98 at 1-2, ¶ 2(A).[4] The magistrate judge found that plaintiff did not allege that defendant Fauvel was aware of any kites that plaintiff sent to the medical department and that, absent such an allegation, plaintiff did not state a claim for deliberate indifference. Docket No. 96 at 9. Plaintiff does not contest or even discuss this finding. *See generally* Docket No. 98. Accordingly, plaintiff has not raised any objection to the second Recommendation that is specific enough "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *2121 East 30th Street*, 73 F.3d at 1059. Because plaintiff did not file a timely, proper objection to the second Recommendation, the Court declines to reconsider the May 27 Order.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff Alexis R. Ortiz's Motion Objecting To Judge Philip Brimmer's Order For Motion To Dismiss Filed By Defendants [Docket No. 98] is **DENIED**. It is further

**ORDERED** that plaintiff's Motion Objecting [to] Judge Philip Brimmer's Order Accepting Magistrate Judge's Recommendation On Docket No 96 [Docket No. 111] is **DENIED**.

---

[4] Plaintiff also objects on the grounds that defendants are not entitled to qualified immunity. Docket No. 98 at 2, ¶ 2(C). This objection, however, cannot be construed as a proper objection to the second Recommendation. The second Recommendation found that plaintiff's claims against defendant Fauvel should be dismissed pursuant to Rule 12(b)(6) and did not address plaintiff's qualified immunity argument. *See* Docket No. 96 at 9.

DATED November 4, 2014.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge