IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00612-PAB-MJW

ALEXIS R. ORTIZ,

    Plaintiff,

v.

BEVERLY DOWIS, Health Services Administrator, Sterling Correctional Facility, and
LT. HOFFMAN, Housing Lieutenant, Sterling Correctional Facility,
in their individual and official capacities,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael J. Watanabe [Docket No. 148] (the "Recommendation") and the Motion for Summary Judgment [Docket No. 160] and Objection to Magistrate Judge's Order Denying Motion to Appoint Pro Bono Representation [Docket No. 165] filed by plaintiff Alexis R. Ortiz.

The magistrate judge recommends that the Court grant the motion for summary judgment [Docket No. 136] filed by defendants Beverly Dowis ("Ms. Dowis") and Lieutenant Hoffman ("Lt. Hoffman"). Plaintiff filed timely objections to the Recommendation. *See* Docket No. 152.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any

standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

## I. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

## II. ANALYSIS

At all times relevant to this lawsuit, plaintiff was an inmate at the Sterling

Correctional Facility in Sterling, Colorado ("SCF"). Docket No. 11 at 2, ¶ 1; *see also* Docket No. 136 at 1, ¶ 1. Plaintiff initiated this action seeking relief related to loss of function in his left leg and foot. On October 20, 2010, plaintiff slipped and fell in the SCF kitchen, injuring his back. *See* Docket No. 11 at 4. Plaintiff underwent an MRI in August 2012 and had a laminectomy[1] in January 2013. Docket No. 136-2 at 13. Plaintiff claims that his surgeon, Dr. Fenton, said that if plaintiff had received the surgery within a week of his injury he would not have lost function in his leg and foot. Docket No. 11 at 4; *see also* Docket No. 142 at 5. Plaintiff brings a claim for violation of 42 U.S.C. § 1983 against defendant Dowis for delaying plaintiff's receipt of medical care in violation of plaintiff's Eighth Amendment rights. Plaintiff also brings an Eighth Amendment claim against Lt. Hoffman for denying plaintiff a bottom-tier bunk, which plaintiff claims was prescribed by his treating physician, Dr. Fauvel. *See* Docket No. 11 at 5.[2] Further relevant facts are described in detail in the Recommendation, *see* Docket No. 148 at 1-3, and will not be recited here except as relevant to the Court's *de novo* review.

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes

---

[1]A laminectomy is an "[e]xcision of a vertebral lamina; commonly used to denote removal of the posterior arch." Stedman's Medical Dictionary laminectomy (28th ed. 2005).

[2]The Recommendation concerns only plaintiff's third claim (against Lt. Hoffman) and his sixth claim (against Ms. Dowis). The remainder of plaintiffs' claims were dismissed in previous orders. *See* Docket Nos. 83 (dismissing claim two); 95 (dismissing claims one and four in their entirety, dismissing claims three and six to the extent plaintiff sought monetary damages against Ms. Dowis and Lt. Hoffman in their official capacities); 106 (dismissing claim five).

the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A claim for deliberate indifference has both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).

To satisfy the subjective component, a prisoner must demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "'[D]eliberate indifference' is a stringent standard of fault." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "[T]he subjective component is not satisfied, absent an extraordinary degree of neglect." *Self*, 439 F.3d at 1232. Instead, the defendant must "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The Tenth Circuit has recognized three types of conduct which may constitute deliberate indifference in a prison medical case: (1) a medical professional failing to treat a serious medical condition; (2) a prison official preventing an inmate from receiving medical treatment; or (3) a prison official denying a prisoner access to medical

personnel capable of evaluating the inmate's condition.  *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000).

### A.  Ms. Dowis

Plaintiff objects to the magistrate judge's finding that plaintiff has not demonstrated a genuine dispute of material fact regarding Ms. Dowis' personal involvement in deliberate indifference to his serious medical need.  Docket No. 152 at 1-4.  The magistrate judge found that plaintiff repeatedly referred to the actions of "Dowis and her staff" and did not provide any evidence of actions or omissions specific to Ms. Dowis.  *See* Docket No. 148.  Plaintiff's objection suffers from the same defect, simply reiterating that plaintiff's claim against Ms. Dowis is based on alleged inattention by "Def. Dowis *and her subordinate care providers*."  Docket No. 152 at 2 (emphasis added).  This is insufficient to create a genuine dispute of material fact concerning whether Ms. Dowis violated plaintiff's Eighth Amendment rights, as the Court cannot determine from the record what Ms. Dowis is alleged to have done (or refused to do) that constitutes deliberate indifference.  To the extent that plaintiff seeks to hold Ms. Dowis responsible, in her role as a supervisor, for the delay between plaintiff's injury and his corrective surgery, he cannot sustain a claim for deliberate indifference without pointing to a specific, deliberate action or omission.  *See Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation.  Instead, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights") (quotation and ellipses omitted).  Plaintiff fails to do so.

Plaintiff makes only vague statements that Ms. Dowis "refuse[d] to act for years despite [plaintiff's] requests to her" and that he was "forced to debate the decline of his physicality" with Ms. Dowis "for time on end." Docket No. 152 at 3. Yet plaintiff points to no specific instance where Ms. Dowis denied him care. Because plaintiff has not provided evidence sufficient to create a genuine dispute of material fact concerning Ms. Dowis' personal participation in any deliberate indifference to his serious medical needs, the Court finds no error with this aspect of the Recommendation.

### B.  Lt. Hoffman

Plaintiff objects to the magistrate judge's finding that plaintiff failed to satisfy the subjective component of the deliberate indifference claim. The magistrate judge held that Lt. Hoffman's uncontroverted affidavit established that, contrary to the allegations in plaintiff's complaint, plaintiff had no bottom bunk restriction at the time Lt. Hoffman moved plaintiff to an upper bunk. *See* Docket No. 148 at 9-10. The Court finds that plaintiff has not produced any evidence that Lt. Hoffman was aware of a lower bunk restriction. Plaintiff states that Lt. Hoffman acknowledged that plaintiff was issued a cane and it is "well known throughout the prison system that <u>all</u> inmates with canes are medically restricted to the first floor and lower bunks." Docket No. 152 at 7 (emphasis in original). As the magistrate judge found, however, plaintiff points to no evidence of such a policy. *See* Docket No. 148 at 10-11. Nor does plaintiff point to any evidence that supports the allegation in his complaint that his medical provider, Dr. Fauvel, ordered a bottom bunk restriction. In the absence of such evidence, plaintiff has not demonstrated a genuine dispute of material fact that Lt. Hoffman knew of and

disregarded a substantial risk to plaintiff's health or safety. *Farmer*, 511 U.S. at 837. Summary judgment is therefore appropriate.[3]

### C.  Request for Counsel and Medical Expert

On multiple occasions, the magistrate judge has denied motions that plaintiff filed seeking appointment of pro bono counsel and an independent medical expert. Plaintiff has filed objections to two such orders. *See* Docket No. 152 at 5-6 (objecting to Docket No. 151); *see also* Docket No. 165 (objecting to Docket No. 162).  The Court has reviewed the relevant orders and finds no error.  The magistrate judge declined to direct the Clerk of the Court to attempt to obtain volunteer counsel in light of his recommendation that defendants' motion for summary judgment be granted.  *See* Docket No. 151 at 1; *see also* Docket No. 164 at 1.  Whether to seek volunteer counsel for a pro se civil litigant is within the court's broad discretion.  *See Murphy v. Colo. Dep't of Corrs.*, No. 06-cv-01948-REB-BNB, 2009 WL 2959205 (D. Colo. Sept. 10, 2009) (citing *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993)).  The Court finds that the magistrate judge did not abuse his discretion in declining to seek pro bono counsel to represent plaintiff in this matter.

Regarding plaintiff's motion to appoint a medical expert pursuant to Fed. R. Evid. 706, the magistrate judge found no technical issues in the case that would require an

---

[3] On March 30, 2015, plaintiff filed what he styled as his own cross motion for summary judgment.  *See* Docket No. 160.  Plaintiff's filing contains neither evidence nor argument and merely states that plaintiff is entitled to judgment as a matter of law because "[t]he Defendants show that there is no genuine dispute regarding any material facts."  *Id.* at 1.  For the reasons stated in this order, the Court finds that defendants, not plaintiff, are entitled to summary judgment.  Plaintiff's motion will therefore be denied.

independent medical expert.  See Docket No. 151 at 2.  The decision whether to appoint a medical expert is, like the decision to seek pro bono counsel for a litigant, one over which courts have broad discretion.  See *Ga. Pac. Corp. v. United States*, 640 F.2d 328, 334 (Ct. Cl. 1980) ("court appointment of expert witnesses is within the discretion of the trial judge").  Plaintiff states that he seeks appointment of a medical expert because the causes of lumbar spinal stenosis "are not within the common knowledge of lay people."  Docket No. 152 at 5.  Because the Court has found that defendants are entitled to summary judgment on grounds other than causation, the Court agrees with the magistrate judge that it would be inappropriate to appoint an independent medical expert in this matter.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 148] is **ACCEPTED**.  It is further

**ORDERED** that defendants Beverly Dowis and Lieutenant Hoffman's Motion for Summary Judgment [Docket No. 136] is **GRANTED**.  It is further

**ORDERED** that plaintiff's third and sixth claims are dismissed.  It is further

**ORDERED** that plaintiff Alexis R. Ortiz's Motion for Summary Judgment [Docket No. 160] is **DENIED**.  It is further

**ORDERED** that plaintiff Alexis R. Ortiz's Objection to Magistrate Judge's Order Denying Motion to Appoint Pro Bono Representation from the Civil Pro Bono Program [Docket No. 165] is **OVERRULED**.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is dismissed in its entirety.

DATED August 26, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge