IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00612-PAB-MJW

ALEXIS R. ORTIZ,

    Plaintiff,

v.

BEVERLY DOWIS, Health Services Administrator, Sterling Correctional Facility, and
LT. HOFFMAN, Housing Lieutenant, Sterling Correctional Facility,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on the Notice of Objection [Docket No. 174] filed by plaintiff Alexis R. Ortiz.  Judgment in this matter entered on August 27, 2015.  *See* Docket No. 171.  Accordingly, in the ordinary course, any notice of appeal was due on or before September 28, 2015.  *See* Fed. R. App. P. 4(a)(1)(A).

In the "Notice of Objection," plaintiff informs the Court that, although judgment entered in this matter on August 27, 2015, *see* Docket No. 171, plaintiff did not receive notice of the judgment until November 4, 2015, when he received a copy of the docket in this matter.  Docket No. 174 at 1.  On November 10, 2015, the same day that he filed the Notice of Objection, plaintiff filed a Notice of Appeal.  *See* Docket No. 176.

Pursuant to the Order of the United States Court of Appeals for the Tenth Circuit, Docket No. 180, the Notice of Objection is construed as a motion to reopen the time for appeal pursuant to Fed. R. App. P. 4(a)(6).[1]  The Court further construes the motion as

---

[1] The Notice of Objection will hereinafter be referred to as the "motion."

including a request to accept plaintiff's November 10, 2015 Notice of Appeal out of time. *See* Docket No. 174 at 1, ¶ 2 (requesting waiver of "time bars" to filing a notice of appeal on the ground of excusable neglect).  On December 10, 2015, the Court ordered defendants to respond to the motion and to indicate, with reference to plaintiff's mail log, defendants' positions on reopening the time to appeal and on plaintiff's claim that he did not receive timely notice of the judgment.  Docket No. 181.  On December 17, 2015, defendants attached the relevant portion of plaintiff's mail log, noting that the mail log reflects that plaintiff did not, in fact, receive timely notice of the judgment.  Docket No. 182 at 1-2; *see also* Docket No. 182-1 at 1 (reflecting that plaintiff did not receive any incoming mail from the Court between August 10, 2015 and September 24, 2015). Accordingly, defendants do not oppose plaintiff's motion to reopen the time to appeal the Court's judgment.  Docket No. 182 at 2.

Federal Rule of Appellate Procedure 4(a)(6) provides that the district court may reopen an expired time to file an appeal for a period of 14 days if all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The Court finds that all of Rule 4(a)(6)'s conditions are satisfied here.  Plaintiff's mail log reflects that the first piece of incoming mail that plaintiff received from the Court after entry of judgment was on September 24, 2015, more than 21 days after the

August 27, 2015 entry of judgment. Docket No. 182-1 at 1. Second, plaintiff's motion was filed within 180 days of the entry of judgment. Moreover, the Court finds that there is no evidence that plaintiff received notice of judgment more than 14 days before he filed his motion. Plaintiff's mail log reflects that he received incoming mail from the U.S. District Court in Denver on September 24, 2015; however, the docket in this case does not reflect any mailing near that date. In his October 26, 2015 letter to the Court asking about the status of this case, Mr. Ortiz states that, on September 22, 2015 (presumably referring to the same mailing), he received a notice from the Clerk's Office to pay $6.00 for copies. Docket No. 172. Given the nature of Mr. Ortiz' October 26 letter and promptness with which he responded to receipt of the docket in this case, the Court determines that plaintiff did not receive notice of entry of judgment more than 14 days before he filed the instant motion. Finally, the Court finds that no party would be prejudiced by an order reopening the time to appeal. Defendants do not oppose reopening the time to appeal. *See* Docket No. 182 at 2.

Because the Court has found that all three conditions of Fed. R. App. P. 4(a)(6) have been satisfied, the Court determines that it will reopen the time to file an appeal.

Accordingly, it is

**ORDERED** that plaintiff Alexis R. Ortiz's Notice of Objection [Docket No. 174], construed as a motion to reopen the time to appeal and as a motion to accept plaintiff's notice of appeal out of time, is **GRANTED**. It is further

**ORDERED** that plaintiff Alexis R. Ortiz's Notice of Appeal filed on November 10, 2015 is deemed to be timely filed. It is further

**ORDERED** that the Clerk of the Court shall provide the Court of Appeals with a copy of this Order.

DATED January 14, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge